[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13006
Non-Argument Calendar

_____

Agency No. A098-979-850

YENY LISSETH GONZALEZ-RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 11, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Yeny Lisseth Gonzalez-Rodriguez seeks review of the Board of Immigration

Appeals's ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial

of her untimely motion to reopen removal proceedings based on changed country

conditions and the immigration court's <u>sua sponte</u> authority, under 8 C.F.R. § 1003.2(a), (c).  Gonzalez-Rodriguez argues that: (1) the IJ abused his discretion in holding that she failed to make a prima facie showing of a material change in conditions in El Salvador to support reopening of removal proceedings so that she could seek asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the United Nations Convention Against Torture ("CAT"); and (2) the BIA erred in summarily affirming the IJ's refusal to <u>sua sponte</u> reopen proceedings due to exceptional circumstances.  After careful review, we deny the petition in part, and dismiss it in part.

We generally review the denial of a motion to reopen for abuse of discretion. <u>Jiang v. U.S. Att'y Gen.</u>, 568 F.3d 1252, 1256 (11th Cir. 2009).  Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  <u>Id</u>.  We review <u>de novo</u> whether we have subject matter jurisdiction to consider a petition for review.  <u>Ruiz v. Gonzales</u>, 479 F.3d 762, 765 (11th Cir. 2007).   When the BIA issues a summary affirmance of the IJ's opinion under 8 C.F.R. § 1003.1(e)(4), we review the IJ's opinion, not the BIA's decision. <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).  Therefore, we review the IJ's decision "as if it were the Board's."  <u>Alim v. Gonzalez</u>, 446 F.3d 1239, 1254 (11th Cir. 2006) (quotations omitted).

First, we are unpersuaded by Gonzalez-Rodriguez's claim that the IJ abused his discretion in holding that she failed to make a prima facie showing of a material change in conditions.  Motions to reopen in removal proceedings are disfavored. Jiang, 568 F.3d at 1256.  We have held that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

An alien may file one motion to reopen removal proceedings, which must state the new facts to be proved at a hearing held if the motion is granted, and must be supported by affidavits or other evidentiary material.  8 U.S.C. § 1229a(c)(7)(A)-(B); 8 C.F.R. § 1003.2(c)(1)-(2); Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).  The motion must be filed within 90 days of the date of entry of the final order of removal.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Even so, time and numerical time limitations do not apply "when (1) an alien filed a motion to reopen that seeks asylum, withholding of removal, or relief under [CAT]; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of

3

removal proceedings." Jiang, 568 F.3d at 1256; see also 8 U.S.C. § 1229a(c)(7)(C)(ii). The petitioner has a "heavy burden" and must demonstrate "that, if the proceedings were opened, the new evidence would likely change the result of the case." Jiang, 568 F.3d at 1256-57.

To establish eligibility for asylum, a petitioner must demonstrate either past persecution, or a well-founded fear of future persecution, based on a statutorily listed factor. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). If the petitioner demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. Id. If the petitioner cannot demonstrate past persecution, he must demonstrate that he has a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Id. To show a well-founded fear of future persecution, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation omitted) (emphasis omitted).

The burden of proof for withholding of removal is "more likely than not," which is more stringent than the standard for asylum relief. Id. at 1232 (quotation omitted). Thus, if a petitioner fails to establish a claim of asylum on the merits, he often necessarily fails to establish a claim for withholding of removal. Id. at 1232-33. As a result, if the IJ made findings in support of denying an asylum claim, he

4

need not make specific findings with respect to a withholding of removal claim. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1249 n.3 (11th Cir. 2006).

To establish a CAT claim, the alien must establish that he "more likely than not . . . would be tortured if removed to the proposed country of removal." Al Najjar, 257 F.3d at 1303 (quotation omitted). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Id. (quotation omitted). A government official acquiesces in torture where the official is aware of the torture before it occurs "and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity." Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (quotation omitted). Evidence that the police provided a petitioner with some protection does not support a finding that the government acquiesced in torture to qualify him for CAT relief. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007).

In this case, the IJ did not abuse his discretion in denying Gonzalez-Rodriguez's motion to reopen removal proceedings because Gonzalez-Rodriguez failed to make a prima facie showing of a material change in conditions in El Salvador. As the record shows, Gonzalez-Rodriguez failed to submit evidence concerning changed country conditions that was material and previously unavailable, she submitted evidence that actually tended to show that murders in El

5

Salvador were declining, and she failed to establish that her own life was threatened on account of a protected class. Nor did the IJ abuse his discretion in failing to make a specific finding on whether Gonzalez-Rodriguez qualified as a member of a "particular social group," since the finding was not necessary to the result it reached in denying her motion to reopen -- and especially since the threat she received occurred before her original removal proceeding. See INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (holding that as a general rule "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach"). Even so, evidence that Gonzalez-Rodriguez's family was targeted by another family and that she faced a risk of persecution by that family did not establish her membership in a "particular social group" for purposes of granting her asylum. See Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1310 (2013) (quotation omitted) (holding that an alien did not qualify as a member of a particular social group based on threats to his family from a drug-trafficking organization that wanted the family's land for growing drugs, because "risk of persecution alone does not create a particular social group").

Moreover, because Gonzalez-Rodriguez failed to meet the standard for asylum, and because the standard for establishing eligibility for withholding of removal is even higher than the standard for asylum, the IJ did not abuse his discretion in failing to consider Gonzalez-Rodriguez's claim for withholding of

6

removal.  Sepulveda, 401 F.3d at 1232; see also Amaya-Artunduaga, 463 F.3d at 1249 n.3.  Nor did the IJ abuse his discretion in finding that Gonzalez-Rodriguez was not eligible for CAT relief -- among other things, the evidence she submitted in her application tended to show that the Salvadorian government had laws in place to protect its citizens and was attempting to reduce gang violence.

We are also unconvinced by Gonzalez-Rodriguez's argument that the BIA erred in summarily affirming the IJ's refusal to sua sponte reopen removal proceedings.  We lack jurisdiction to review the BIA's denial of a motion to reopen based on its sua sponte authority because 8 C.F.R. § 1003.2(a) provides no meaningful standard against which to judge the BIA's exercise of its discretion. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292-94 (11th Cir. 2008).  Under the prior precedent rule, we are bound to follow prior binding precedent unless and until we overrule it sitting en banc, or until the United States Supreme Court overrules the decision.  United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

Because neither this Court sitting en banc nor the Supreme Court has overruled Lenis, we are bound to follow Lenis.  Accordingly, we lack jurisdiction to review the BIA's order summarily affirming the IJ's refusal to reopen Gonzalez-Rodriguez's removal proceedings. Moreover, although Lenis indicated that we may have jurisdiction over constitutional claims raised by a petitioner, Gonzalez-

Rodriguez failed to make a meritorious constitutional claim that would warrant our consideration.    Therefore, we lack jurisdiction to review the BIA's order summarily affirming the IJ's refusal to sua sponte reopen Gonzalez-Rodriguez's removal proceedings, and dismiss Gonzalez-Rodriguez's petition as to this issue.

**PETITION DENIED IN PART, DISMISSED IN PART.**